UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SUSAN SANTOSUOSSO | : | CIVIL ACTION |
| | : | |
| vs. | : | NO. 05 10889 WGY |
| | : | |
| FORTIS BENEFITS | : | |
| INSURANCE COMPANY | : | |

**ANSWER TO COMPLAINT**
**WITH AFFIRMATIVE DEFENSES**

Defendant Fortis Benefits Insurance Company ("Fortis Benefits" hereby answers

plaintiff's complaint and asserts affirmative defenses as follows:

1.　　Admitted upon information and belief.

2.　　Admitted.

3.　　It is admitted only that this court has jurisdiction over this matter.

4.　　Denied as stated. It is admitted only that venue is proper in this district.

5 – 7, inclusive. Admitted.

8.　　Denied as stated. It is admitted only that plaintiff's effective date of coverage

under the group policy was February 1, 2003.

9.　　Admitted in part and denied in part. It is admitted that on or about May 23, 2003,

plaintiff was admitted to the New England Baptist Hospital for the repair of a ventral hernia. It

is further admitted that plaintiff previously underwent an aorto-bifermal bypass graft in January

2001. The remaining averments in this paragraph are denied. It is especially denied that the

neuropathy was a complication of the hernia surgery.

10.　　Admitted.

1146718 v.1

11.    Denied as stated.  It is admitted only that on or about January 14, 2004, plaintiff submitted an appeal request with certain documentation with regard to the denial of her long term disability claim.  It is denied that the material submitted by plaintiff supports her eligibility for benefits.

12.    Admitted.

13.    Denied as stated.  It is admitted only that on July 30, 2004, plaintiff §§submitted an appeal request with documentation to defendant.  It is denied that the documentation supported plaintiff's eligibility.

14 – 15.  Admitted.

## Count I – Breach of Contract

16.    Defendant incorporates herein by reference its answers to paragraphs 1 through 15 of the complaint as though the same were set forth in full.

17 – 20.  Denied.

WHEREFORE, defendant Fortis Benefits Insurance Company denies liability to plaintiff and requests that the court affirm its denial of the benefit claim and award to defendant its fees and costs together with such other equitable relief that the court deems fair and just.

## AFFIRMATIVE DEFENSES

1.    Plaintiff's claims are governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001, *et seq.*

2.    To the extent that plaintiff seeks relief under state law, said claims are preempted.

3.    Plaintiff is not entitled to a jury trial under ERISA.

4.    The subject plan grants to defendant discretionary authority to determine eligibility for benefits.

5.      Plaintiff's claim is barred by the pre-existing condition limitation in the policy.

6.      The condition on which plaintiff bases her claim is a pre-existing condition as that terms is defined in the policy.

7.      No benefits are owed under the terms of the policy.

8.      The decision to deny the claim is neither arbitrary nor capricious.

9.      The complaint fails to state a claim against defendant.

WHEREFORE, defendant Fortis Benefits Insurance Company denies liability to plaintiff and requests that the court affirm its denial of the benefit claim and award to defendant its fees and costs together with such other equitable relief that the court deems fair and just.

Respectfully submitted,

RAWLE & HENDERSON LLP

By:_____
          Gary N. Stewart, Esquire
          B.B.O. # 562537
          Attorneys for Defendant
          25 North Front Street, 1st Floor
          Harrisburg, PA  17101
          717-234-7700
          717-234-7710 – Fax
          gstewart@rawle.com

Date:  May 17, 2005

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the Answer was filed electronically with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case and the unrepresented parties by first-class mail, postage prepaid, on the following:

Francis J. Hurley, Esq.
Gannon & Hurley, P.C.
470 West Broadway
PO Box E46
South Boston, MA 02127


RAWLE & HENDERSON LLP


By:_____
    Gary N. Stewart, Esquire
    B.B.O. # 562537
    Attorneys for Defendant
    25 North Front Street, 1st Floor
    Harrisburg, PA  17101
    717-234-7700
    717-234-7710 – Fax
    gstewart@rawle.com

Date:  May 17, 2005