UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
*******************************
Susan Santosuosso              *
        Plaintiff,             *       Civil Action No. 05 10889 WGY
                               *
                               *
vs.                            *
                               *
                               *
Fortis Benefits Insurance Company *
        Defendant,             *
*******************************
```

**JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1(D)**

STATEMENT OF THE CASE

The Plaintiff alleges that in May of 2003, she became entitled to employee group benefits provided by the Defendant. The Plaintiff alleges that the Defendant committed a breach of contract by denying benefits that were due to her under the contractual agreement. The Plaintiff alleges that she was harmed by the Defendant's breach of contract.

The Defendant contends that, as presently drafted, Plaintiff's complaint is a state common law action for breach of contract. In its answer, Defendant Fortis has asserted the defense that Plaintiff's claim is governed by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, et seq., and therefore the Plaintiff's sole remedy is under ERISA. Under ERISA, the Plaintiff is not entitled to a jury trial.

The Defendant contends that, under terms of the Employee Group Long-Term Disability Benefits plan, Forts has discretion with respect to its claim decisions, and therefore its claim decision with respect to Ms. Santosuosso must be upheld unless it is found to be arbitrary and capricious, or an abuse of discretion.

## PROPOSED PRE-TRIAL SCHEDULE

1. The Parties will make their voluntary disclosures under Fed.R.Civ.P. 26(a) by July 6, 2005.

2. In ERISA cases such as this, the scope of discovery is extremely limited, if not non-existent. In ERISA cases, the only evidence that the Court should consider are the documents and things in the administrative record that the claim decision maker considered in reaching its decision with respect to the claim. This is particularly true in the present case where Fortis (as alleged by the Defendant) has discretion with respect to its claims decisions. Therefore, the Defendant asserts that there is no need for any discovery in this case.

3. Motions for summary judgment, if any, must be served and filed no later than December 30, 2005.

4. If necessary, a pre-trial conference will be scheduled with thirty (30) days of the denial of all motions for summary judgment.

## CERTIFICATIONS

Certification forms, as required by Local Rule 16.1(D)(3), will be submitted and filed with the Court at the Scheduling Conference or immediately thereafter.

## TRIAL BY A MAGISTRATE JUDGE

The Plaintiff is willing to consent to a trial by Magistrate Judge. The Defendant is not willing to consent to a trial by Magistrate Judge.

## POSSIBLE RESOLUTION THROUGH ALTERNATIVE DISPUTE RESOLUTION

The Plaintiff is willing to attempt to resolve this matter through mediation. The Defendant is open to consider the subject of mediation, subject to agreement of the parties.

Respectfully submitted,

| | |
|---|---|
| Susan Santosuosso, Plaintiff<br>By her attorneys,<br><br>*/s/ Francis J. Hurley*<br>_____<br>Francis J. Hurley, Esq. BBO# 553199<br>James M. Strong, Esq. BBO #647131<br>Gannon & Hurley, P.C.<br>423 West Broadway<br>PO Box E46<br>South Boston, MA 02127<br>Telephone: (617) 269-1993<br>Facsimile: (617) 269-7072 | Fortis Benefits Insurance Company, Defendant<br>By its attorneys,<br><br>*/s/ Edward S. Rooney /ms*<br>_____<br>Edward S. Rooney, Jr., Esq., BBO #426840<br>Sandy S. Shen, Esq., BBO #646961<br>Eckert Seamans Cherin & Mellott, LLC<br>One International Place, 18th Floor<br>Boston, MA 02110<br>Telephone: (617) 342-6800<br>Facsimile: (617) 342-6899<br><br>Gary N. Stewart, Esq. BBO #562537<br>Rawle & Henderson, LLP<br>25 North Front Street, 1st Floor<br>Harrisburg, PA 07101<br>(717) 234-7700 |